UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 07-50003-01-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANT'S MOTION TO |
| | ) | DISMISS SUPERSEDING |
| WILBERTA MEANS, | ) | INDICTMENT |
| | ) | |
| Defendant. | ) | |

Defendant moves to dismiss all three counts set forth in the superseding indictment. The government opposes the motion. The motion is denied.

## FACTUAL BACKGROUND

Defendant and Jacob Iron Horse were originally charged with abuse of a minor in violation of 18 U.S.C. §§ 2, 13, 1153 and SDCL 26-8A-2(3) & (4) and 26-10-1. Indictment, Docket 1. Iron Horse pleaded guilty to the offense and signed a factual basis statement, which detailed the facts of the offense. According to the factual basis statement, on November 3, 2006, Iron Horse and defendant drank alcohol, became highly intoxicated, and passed out while supervising their fourteen-month-old daughter. Factual Basis Statement, Docket 42. Upon becoming intoxicated, neither Iron Horse nor defendant provided the proper supervision of their child that was

necessary for her safety and welfare. Rather than being placed in a safe sleeping environment, the child was placed on the couch behind defendant who had passed out due to her level of intoxication. The child suffocated and died from being placed in this position. Id. Subsequently, a superseding indictment was filed charging defendant with second-degree murder, assault resulting in serious bodily injury, and abuse of a minor. Superseding Indictment, Docket 57.

On December 5, 2007, defendant filed a motion to dismiss all of the counts set forth in the superseding indictment. Def. Motion, Docket 76. On December 14, 2007, the government asked the court to deny defendant's motion because it was vague and lacked specificity as to any legal reasoning. Govt. Motion, Docket 87. On December 31, 2007, defendant filed a brief in support of her motion to dismiss, asserting that under the factual basis statement signed by co-defendant Iron Horse and prepared by the government, she could not be guilty of the offenses charged in the superseding indictment because she was incapable of committing those offenses. Def. Brief, Docket 92. On January 8, 2008, the government responded, arguing that defendant's motion to dismiss is premature and that defendant's interpretation of Iron Horse's signed factual basis is too narrow. Govt. Brief, Docket 93.

**DISCUSSION**

**I.    Sufficiency of Evidence**

Defendant moves to dismiss all three counts set forth in the superseding indictment based on the fact that the government does not have sufficient evidence to convict her. Defendant recognizes that this type of argument is typically the subject of a motion for a directed verdict at trial, however, defendant argues that this case presents a different set of procedural facts. Defendant argues that the factual basis signed by co-defendant Iron Horse and the government demonstrates that defendant cannot be guilty of the offenses charged in the superseding indictment.

The government responds that this motion is premature and that Rule 29 provides that a motion for acquittal may be considered only after the government closes its evidence or after the close of all the evidence. The government also notes that defendant does not cite any legal authority that states the court can make such a finding at this stage in the proceeding.

Counsel has cited no authority and the court is unaware of any authority that provides for dismissing an indictment based on insufficiency of the government's evidence prior to trial. In fact, a number of courts have concluded the opposite, namely that a pretrial motion to dismiss an indictment on the basis that the government's evidence is insufficient to

prove the crimes charged is premature.  See United States v. Bender, 2003 WL 282184 at *1 (S.D.N.Y. 2003) (stating that the defendant's "argument that the evidence against her is insufficient or fabricated is premature" and that "[t]he charging instrument need only provide adequate notice of the offense charged; any factual assertions must be tested at trial, not by means of a pretrial motion"); United States v. Marbelt, 129 F. Supp. 2d 49, 56 (D. Mass. 2000) (stating " '[a] motion to dismiss an indictment is not a device for a summary trial of the evidence, but rather is directed only to the question of the validity of the indictment on its face' "); United States v. Ferguson, 142 F. Supp. 2d 1350, 1353 (S.D. Fla. 2000) (stating "[i]n criminal proceedings, there is no summary judgment mechanism"); United States v. Clark, 123 F. Supp. 2d 314, 317 (D.V.I. 2000) (stating that "[t]he sole function of a motion to dismiss is to test the sufficiency of the indictment to charge an offense" and that the court "may not speculate as to whether the Government can sustain the burden of proving the allegations"); United States v. Forero, 623 F. Supp. 694, 699 (E.D.N.Y. 1985) (stating that "[w]here an indictment is valid on its face, and has been returned by a legally constituted and unbiased grand jury, a motion to dismiss the indictment is appropriate only after the Court has been presented with the Government's proof at trial"); United States v. Winer, 323 F. Supp. 604, 605

(E.D. Pa. 1971) (stating that "[a] motion to dismiss the indictment is not a device for a summary trial of the evidence," rather "[i]t is directed only to the question of the validity of the indictment on its face, and its sole function is to test the sufficiency of the indictment to charge an offense"); and United States v. Luros, 243 F. Supp. 160, 165 (N.D. Iowa 1965) (stating that "[a] motion to dismiss the indictment is not a device for a summary trial of the evidence" and that "[t]he sole function of this motion is to test the sufficiency of the indictment to charge an offense").

Regardless of the evidence the government may or may not have, the Eighth Circuit has determined that an indictment "is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Hernandez, 299 F.3d 984, 992 (8th Cir. 2002).  Accordingly, while a court may dismiss an indictment if it does not contain all of the essential elements of the offense charged or fails to provide enough information so a defendant knows the charge, insufficiency of the evidence is not a proper reason to dismiss an indictment.

## II.     Offenses Charged

### A.     Count I: Second-degree Murder

Defendant argues that the factual basis statement of co-defendant Iron Horse represents that defendant was passed out from intoxication prior to Iron Horse placing the child behind her, which allegedly caused the child's death.  Defendant further argues that it appears the government is attempting to claim that this conduct is "callous and wanton" or "reckless and wanton" to the extent that a jury could infer defendant was aware of the serious risk of death or serious bodily injury.  Thus, defendant argues this requires a jury to find that defendant should have speculated the actions of third parties, namely the actions of Iron Horse.  Additionally, defendant argues that in order to have aided and abetted Iron Horse in committing second-degree murder, she would have had to be able to anticipate the future behavior of him when she fell asleep.  The government responds that the factual basis makes no mention as to who placed the child behind defendant or when the child was placed behind her.  The government asserts that the witnesses at trial will establish the time line for the jury to consider in determining defendant's culpability.

As mentioned above, the argument that the government's evidence in this case is insufficient to convict defendant is premature and the

6

indictment only needs to provide adequate notice to defendant so she knows with what she is charged.  Any factual questions are to be determined by the jury at trial.  Count I of the indictment contains each element of second-degree murder as well as aiding and abetting, fairly informs defendant of these charges, and alleges sufficient information to allow defendant to plead a conviction or acquittal as a bar to subsequent prosecution.  Count I of the indictment is sufficient and, therefore, it is not dismissed.

      **B.**    **Count II: Assault Resulting in Serious Bodily Injury**

Defendant asserts that under Iron Horse's factual basis statement, it cannot be argued that defendant assaulted the child.  More specifically, defendant argues that she was passed out and unaware of the fact that Iron Horse had placed the child behind her.

As mentioned above, defendant's argument that the government's evidence is insufficient to convict her is premature.  The indictment is only required to give defendant adequate notice so that she knows with what she is charged.  Factual questions are to be considered by the jury at trial.  Count II of the indictment of this case contains each element of assault resulting in serious bodily injury, fairly informs defendant of this charge, and alleges sufficient information to allow defendant to understand the

alleged offense.  Count II of the indictment is sufficient and, as a result, it is not dismissed.

### C. Count III: Abuse of a Minor

#### 1. Reference to the Abuse and Neglect Statutes

Defendant argues that the language of the indictment that mentions the South Dakota abuse and neglect statutes should be stricken because there is no authority for the use of this civil statute to define criminal behavior.  More specifically, defendant argues that the government misused the abuse and neglect statutes because those statutes were intended for use in abuse and neglect cases where the goal is to protect the child and the burden of proof is lower than in criminal cases.  The government responds that no rule prohibits it from including civil or quasi-civil statutes in the language of the indictment and that the indictment is only required to cite the provision of law used.  The government further asserts that it included the South Dakota abuse and neglect statutes to give defendant adequate notice of the offense.

"A motion to strike surplusage from an indictment is addressed to the sound discretion of the District Court and should be granted only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter."  Dranow v. United

States, 307 F.2d 545, 558 (8th Cir. 1962).  Further "[w]hen an indictment includes all of the essential elements of an offense, but also treats other, superfluous matters, the superfluous allegations may be disregarded and the indictment is proper." United States v. Wells, 127 F.3d 739, 743 (8th Cir. 1997).  In this case, the alleged surplusage in the indictment is neither irrelevant nor inflammatory.  Rather, it sets forth the manner and means by which the alleged crime of abuse was committed.  As such it provides defendant sufficient information to put her on adequate notice of the offense charged.  Accordingly, under the circumstances in this case, the court finds the use of the South Dakota abuse and neglect statutes in the indictment is proper to explain and clarify the actions of defendant.

### 2.    Sufficiency of Count

Defendant asserts that under Iron Horse's factual basis statement, it cannot be argued that defendant intentionally and knowingly abused and exposed a child.  More specifically, defendant argues that under the law, she cannot be held criminally responsible for the unforeseeable, callous, and wanton actions of Iron Horse when she was completely unaware of what he was doing.

As mentioned above, defendant's argument that the government's evidence is insufficient to convict her is premature.  The indictment is only

9

required to give defendant adequate notice so that she knows with what she is charged.  Any factual questions are to be considered by the jury.  Count III of the indictment contains each element of abuse of a minor, fairly informs defendant of this charge, and alleges sufficient information to allow defendant to know the circumstances surrounding the alleged offense.  Count III of the indictment is sufficient and, thus, it is not dismissed.

      Based on the foregoing, it is hereby

      ORDERED that defendant's motion to dismiss (Docket 76) is denied.

      Dated January 24, 2008.

                      BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        CHIEF JUDGE